IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN MCGREGOR<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE SCOTTS COMPANY, L.L.C.<br><br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Cause No.:<br>)<br>)<br>)<br>)<br>)<br>)　<u>Jury Demand</u><br>)<br>) |

## **COMPLAINT**

　　COMES NOW Plaintiff Steven McGregor, and for his cause of action against Defendant The Scotts Company, LLC states as follows:

### INTRODUCTION

　　1.  This action seeks damages to redress Defendant's sale of potting soil that had a live copperhead snake in the bag, which bit Plaintiff.

### PARTIES

　　2.　Plaintiff Steven McGregor is and was at all times herein mentioned a resident of Jefferson County, Missouri and is over the age of 18 years.

　　　3.　Upon information and belief, Defendant The Scotts Company, LLC is a foreign limited liability company conducting business in Jefferson County, throughout the State of Missouri and the United States.

### JURISDICTION AND VENUE

　　4.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over this action

1

because the matter in controversy exceeds $75,000.00 dollars and the dispute is between a Missouri resident and a foreign L.L.C.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the injury and events giving rise to the injury occurred in this district.

## GENERAL ALLEGATIONS

6. This action arises from Defendant's course of conduct in manufacturing, distributing and selling defective potting soil, which contained a copperhead snake and caused injury and damages to Plaintiff.

7. Plaintiff purchased the potting soil, which is sold by Defendant under the trade name "Earthgro Potting Soil" (the "Product").

8. Plaintiff purchased the potting soil on May 29, 2010 at the Wal-Mart in House Springs, Missouri.

9. After purchasing the product and returning home, Plaintiff opened the bag of potting soil and was scooping the soil out of the bag when he was bitten by a copperhead snake that was inside the bag. Plaintiff was bitten on the right index finger and immediately began bleeding, and experienced burning and swelling to his elbow. Plaintiff suffered pain and discomfort, which continues to this day. Plaintiff has incurred reasonable and necessary bills in excess of $90,000.00.

## COUNT 1
## (STRICT LIABILITY)

10. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1-9 of this Complaint as if more fully set forth herein.

11. Defendant, at all times material to this action, manufactured, distributed and/or sold

2

the potting soil and placed such product into the market.

12. The potting soil manufactured, distributed and/or sold by Defendant was defective and unreasonably dangerous.

13. The defective potting soil reached Plaintiff without substantial change in the condition in which the products were manufactured, distributed, and/or sold by Defendant.

14. Defendant owed a duty of care to Plaintiff to manufacture, distribute and sell potting soil that was free from defects and fit for their intended purposes.

15. Defendant breached this duty to Plaintiff by failing to sell potting soil that was free from defects and unfit for their intended purpose by allowing a live poisonous snake to be contained within the potting soil bag when it was sold to Plaintiff.

16. Plaintiff used the potting soil in the matter that was intended and expected by Defendant.

17. The defect in the potting soil was the direct and proximate cause of the injury and damages suffered by Plaintiff.

WHEREFORE, Plaintiff Steven McGregor prays for judgment against Defendant in a sum to be found reasonable by a jury upon the trial of this case, together with Plaintiff's costs incurred herein and for such other and further relief as the Court deems just and proper in the circumstances.

## COUNT II
(NEGLIGENCE)

18. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1-17 of this Complaint as if more fully set forth herein.

19. Defendant owed a duty to Plaintiff to manufacture, distribute, and/or sell potting soil

that was safe and to warn Plaintiff of any defects in the potting soil, including containing a live poisonous copperhead snake.

20. Defendant breached its duty to Plaintiff by manufacturing, distributing and/or selling potting soil that was not safe and failing to warn Plaintiff of the defects.

21. Plaintiff used the potting soil in the manner that was intended and expected by Defendant.

22. The defect in the potting soil was the direct and proximate cause of the injury and damages suffered by Plaintiff.

WHEREFORE, Plaintiff Steven McGregor prays for judgment against Defendant in a sum to be found reasonable by a jury upon the trial of this case, together with Plaintiff's costs incurred herein and for such other and further relief as the Court deems just and proper in the circumstances.

GROWE EISEN KARLEN

  /s/ Jason A. Charpentier
JASON A. CHARPENTIER, #52840MO
GARY A. GROWE #26151MO
7733 Forsyth Boulevard, Suite 325
Clayton, Missouri  63105
(314) 721-1228 / Facsimile: (314) 261-7326
Jason@groweeisen.com
Gary@groweeisen.com

Attorneys for Plaintiff