UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN MCGREGOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11CV00548 AGF |
| THE SCOTTS COMPANY, L.L.C., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This diversity matter is before the Court on the motion of Defendant The Scotts Company, L.L.C., to dismiss the count of Plaintiff Steven McGregor's complaint that asserts a claim for strict liability. For the reasons set forth below, the motion to dismiss shall be denied.

## BACKGROUND

Plaintiff's two-count complaint alleges that he purchased a bag of potting soil sold by Defendant, and upon opening the bag and putting his hand in to scoop out some soil, his hand was bitten by a copperhead snake. In Count I, Plaintiff seeks damages on a theory of strict liability; in Count II he seeks damages on a theory of negligence. Defendant argues that Count I should be dismissed for failure to state a claim because Plaintiff failed to state facts supporting an alleged design or manufacturing defect in the potting soil.

# DISCUSSION

## Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting another source). This, however, requires more than mere "labels and conclusions," and the complaint must state a claim that is "plausible on its face." *Twombly*, at 570.

As both parties recognize, under Missouri law,

> The essential elements of a strict product liability claim are (1) the defendant sold a product in the course of its business; (2) the product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold.

*Haffey v. Generac Portable Prods., L.L.C.*, 171 S.W.3d 805, 809 (Mo. Ct. App. 2005) (citation omitted).

Defendant argues that the complaint is deficient because Plaintiff does not allege

"facts...to indicate how the process of manufacturing the potting soil was defective." (Doc. #11.) In a product liability case based on a manufacturing defect, however, negligence of the manufacturer is not required. *Gramex Corp. V. Green Supply, Inc.*, 89 S.W. 3d 432, 439 (Mo. 2002). Defendant also seeks to define the product at issue here as just the soil itself, and argues that there was nothing wrong with the soil. But the Court agrees with Plaintiff that the product is the bag of soil sold by Defendnat. If indeed, there was a copperhead snake in the bag at the time manufacturing was complete, the product would have been unreasonably dangerous when used as reasonably anticipated.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count I of Plaintiff's complaint is **DENIED**. (Doc. No. 10)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2011.