UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN MCGREGOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:11CV00548 AGF |
| | ) |
| THE SCOTTS COMPANY, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on the motion of Plaintiff Steven McGregor to dismiss the action without prejudice. Defendant The Scotts Company, L.L.C. opposes a dismissal without prejudice, and asks the Court to grant Plaintiff's motion, but to specify that the dismissal is with prejudice.

## BACKGROUND

Plaintiff's two-count complaint, filed on March 24, 2011, alleges that he purchased a bag of potting soil sold by Defendant, and that upon opening the bag and putting his hand in to scoop out some soil, his hand was bitten by a copperhead snake. In Count I, Plaintiff seeks damages on a theory of strict liability; in Count II he seeks damages on a theory of negligence. By Order dated August 8, 2011, the Court denied Defendant's motion to dismiss Count I. Plaintiff filed the motion now under consideration on November 9, 2011. In response, Defendant asserts that in a voicemail

message of October 25, 2011, to one of Defendant's attorneys, Plaintiff's counsel stated that Plaintiff agreed to a dismissal with prejudice, but that Plaintiff then filed the present motion, seeking dismissal without prejudice. Defendant argues that the lawsuit is without merit and that Defendant has been forced to expend "needless costs in defending" and wishes to have the matter put to rest without the possibility that the case will be re-filed. Thus, Defendant asks the Court to enter an Order dismissing the case with prejudice. Plaintiff has not filed a reply in the time permitted to do so.

## DISCUSSION

After "the opposing party serves either an answer or a motion for summary judgment . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1) & (2).

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (quoting another source).

Here, several of the factors weigh in favor of allowing Plaintiff to dismiss the case without prejudice. The motion to dismiss was filed early in this case, so little judicial time and effort had been expended. Any prejudice to Defendant is limited

2

because the case has not progressed beyond the pleading stage. The Case Management Order was entered less than two months before Plaintiff filed the instant motion, and after obtaining extensions of time, the parties were scheduled to make Rule 26(a) disclosures only on October 27, 2011. *See id.* (citing *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice.")); *see also Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) (explaining that courts generally will grant dismissals without prejudice where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit). There is no indication that Plaintiff is seeking a dismissal without prejudice so that he can re-file his claim in state court. *See id.* ("[I]t is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum").

The prejudice claimed by Defendant amounts to no more than the prejudice arising from facing a subsequent lawsuit. As such, it is not the type of prejudice that would justify denying Plaintiff's motion. The Court believes that imposing the condition that if Plaintiff re-files this case, he will be required to pay the attorneys' fees and expenses incurred by Defendant in the present law suit, will sufficiently address Defendant's concerns. *See Moore v. W.W. Tansport*, No. 4:10-CV-2203 (CEJ), 2011 WL 3425605, at *1-2 (E.D. Mo. Aug. 4, 2011).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss this case without prejudice is **GRANTED**.  (Doc. No. 29.)

**IT IS FURTHER ORDERED** that Plaintiff will be required to pay the attorneys' fees and expenses incurred by Defendant in this case if this case is re-filed.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2011